**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD ANTHONY KASAL,
<u>Plaintiff-Appellant,</u>

v.

No. 97-2413

SCOTT ALAN MOWRER; HERRS MOTOR
EXPRESS, INCORPORATED,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-96-1798-WMN)

Submitted: April 28, 1998

Decided: May 18, 1998

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Elizabeth Colette, Baltimore, Maryland, for Appellant. Stephen E.
Marshall, GOODELL, DEVRIES, LEECH & GRAY, L.L.P., Balti-
more, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Richard Anthony Kasal (Kasal) appeals the district court's order granting summary judgment to the Appellees, Herrs Motor Express (Herrs) and Scott Mowrer (Mowrer). Kasal seeks damages for injuries suffered when he was struck by a truck driven by Mowrer and owned by Herrs. Kasal claims that the district court erred by finding him contributorily negligent as a matter of law; thus, not submitting this case to a jury. Finding no reversible error, we affirm the district court's order.

On July 19, 1994, Kasal was seriously injured when he was struck by Mowrer who was driving a Herrs truck. The accident occurred as Kasal, who was then sixty-seven years old and afflicted with degenerative osteoarthritis, was crossing Harford Road in Baltimore City. On the day of the accident, Kasal parked his automobile next to the east curb facing north on Harford Road, near the intersection of Harford Road and Hamilton Avenue. Upon exiting his vehicle, rather than proceed to the crosswalk at the intersection of Harford and Hamilton, Kasal began walking directly across Harford Road toward the west curb.

First, Kasal walked between a van and another vehicle that were waiting for the stoplight in the traffic lane immediately adjacent to the parking lane. He then entered the next traffic lane by walking into the small space created in front of the tractor trailer driven by Mowrer and behind a police car. While Kasal was in front of Mowrer's truck, the stoplight turned green and Mowrer moved forward striking Kasal.

The facts developed during discovery established that Kasal started to cross the road against the "Don't Walk" signal at Harford and Hamilton. Relying on Schweitzer v. Brewer, [1] Mowrer and Herrs moved for summary judgment contending that Kasal was contributorily negligent as a matter of law. Kasal opposed the motion for summary judgment arguing that contributory negligence is a jury question. Finding itself obliged to follow Maryland law,[2] the district

_____

[1] 374 A.2d 347 (Md. 1977).

[2] See Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

2

court found Kasal was contributorily negligent as a matter of law and granted summary judgment to Mowrer and Herrs.**3** Kasal appeals.

After reviewing the parties' briefs and the joint appendix, we find Kasal's arguments about the age of <u>Schweitzer v. Brewer</u> and crossing the street outside the crosswalk unpersuasive. The Court of Appeals of Maryland held in <u>Schweitzer v. Brewer</u>, which Kasal presented no authority for disputing its validity, that a pedestrian's conduct in crossing a street against a "Don't Walk" signal in violation of MD. CODE ANN., TRANSPORTATION § 21-203 (1992 & Supp. 1997) is measured, for contributory negligence purposes, not by the usual standard of reasonableness, but by the standard set forth in the statute itself.**4** There is no question that Kasal's conduct in crossing outside a crosswalk and against a "Don't Walk" signal was the proximate cause of his injuries and contributory negligence as a matter of law. Consequently, there was no issue of material fact for a jury; thus, Mowrer and Herrs were entitled to summary judgment.**5**

Accordingly, we affirm the district court's order granting summary judgment to Mowrer and Herrs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**3 <u>See Parker v. Davis</u>**, 900 F. Supp. 788, 794 (D. Md. 1995); <u>Schweitzer</u>, 374 A.2d at 351; <u>Dix v. Spampinato</u>, 358 A.2d 237, 238-39 (Md. 1976).

**4** The provision of the statute at issue in <u>Schweitzer</u> was the requirement, now codified at MD. CODE ANN., TRANSPORTATION § 21-203(e) (1992 & Supp. 1997), that a pedestrian who has partially completed crossing a street on a "Walk" signal must "proceed without delay to a sidewalk or safety island" if the "Don't Walk" signal is shown. It seems clear that the principles set forth in <u>Schweitzer</u> apply, a fortiori, to the statutory prohibition in § 21-203(c) upon a pedestrian's crossing the street against a "Don't Walk" signal.

**5 <u>See</u>** FED. R. C IV. P. 56(c).

3