791 A.2d 986

Sue Ann ABSOLON, et vir.,

v.

Paul Justin DOLLAHITTE, et al.

No. 2606, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Feb. 27, 2002.

Martin H. Freeman (Mark A. Freeman, Michelle E. Stawinski and Freeman & Freeman, P.C., on the brief), Rockville, for appellants.

Mark Rosasco, Annapolis, for Dollahitte. Janet M. Truhe (Miller & Truhe, LLC, on the brief, for Garza, Regan & Rose, P.C.), Westminster, for appellees.

Argued before HOLLANDER, JAMES R. EYLER, WILLIAM W. WENNER (Retired, Specially Assigned) JJ.

WILLIAM W. WENNER, Judge, Retired, Specially Assigned.

Appellants, Sue Ann and John Absolon, (hereinafter Sue Ann), filed suit on 13 July 1999 against Paul Dollahitte after Sue Ann had been struck by an automobile driven by Dollahitte as she was attempting to cross Route 355 in Rockville, Maryland (the Rockville Pike), on 11 February 1998. Because of undisputed evidence that Sue Ann had stepped off the median after the upraised hand signal had begun to flash, and the duty of care mandated by Section 21–203 of the Maryland Transportation Article applied, Dollahitte filed a Motion for Summary Judgment, claiming that Sue Ann had been contributorily negligent, as a matter of law. Although the motion was initially denied, it was reconsidered and granted on the day of trial. Sue Ann then noted this appeal, presenting us with the following issue for our review:

> Did the trial court properly grant summary judgment under section 21–203 of the Maryland Transportation Article and relevant case law where it was undisputed that appellant stepped off the median after the upraised hand had already begun to flash, thus rendering her contributorily negligent as a matter of law?

We shall answer in the affirmative, and affirm the judgment of the circuit court.

## Facts

On the evening of 11 February 1998, Sue Ann was returning home from work. She lived in the Americana Center, located

at the corner of the Rockville Pike and Monroe Street. It was about six o'clock, and the weather was rainy when she got off of the subway at the Rockville Metro Station. Sue Ann was garbed in a black skirt, black blouse, and black jacket. It was nearly dark, and the lighting conditions were "always dark there."

After having left the Metro Station, Sue Ann intended to cross the Rockville Pike at its intersection with Monroe Street, in order to reach her apartment dwelling. On arriving at the intersection, Sue Ann testified that traffic on the Rockville Pike was "heavy," and that she had waited for the white "walking person" signal to flash before she began crossing the eastbound lanes of the Rockville Pike. After the signal had begun to flash, Sue Ann crossed the eastbound lanes and stepped onto the concrete median which separated east and westbound traffic, where she stopped "to make sure no cars were coming."

At her deposition, Sue Ann testified that, while she was still standing on the median, the flashing red hand had appeared on the "walking person" signal. Nevertheless, Sue Ann decided to step off of the median, against the flashing red hand, in order to cross the westbound lanes. Moreover, as she was attempting to cross the westbound lanes, she admitted being "absolutely" aware that motorists such as Dollahitte were faced with a green light, and were entitled to turn right from Monroe Street onto the Rockville Pike, directly into her path. Sue Ann conceded she had not even looked in the direction of such motorists to ascertain whether anyone was approaching her as she was crossing the westbound lanes. When Sue Ann had nearly completed crossing the westbound lanes, she was struck by an automobile operated by Dollahitte, which was turning right on a green light facing it at Monroe Street onto the Rockville Pike.

### Discussion

We believe the trial court appropriately granted summary judgment in favor of Dollahitte pursuant to Section 21–203 of the Maryland Transportation Article (Transportation

Article). It is undisputed that Sue Ann was in express violation of Section 21–203 of the Transportation Article when she stepped off of the median after the flashing red hand had appeared, thereby rendering her contributorily negligent as a matter of law. *Parker v. Davis,* 900 F.Supp. 788 (D.Md.1995). Nor has Sue Ann raised new matters on appeal that would suggest to the contrary.

The starting point of an analysis of whether Sue Ann was contributorily negligent in stepping off of the median after the flashing red hand had already appeared, must be a consideration of the statute governing her conduct. Section 21–203(c) of the Transportation Article provides:

A pedestrian may not start to cross the roadway in the direction of a "don't walk" or "upraised hand" signal.

Transp. Article, Section 21–203(c). In addition, where a person, such as Sue Ann, has partially completed crossing a roadway, Section 21–203(e) requires that she

shall proceed without delay to a sidewalk or island while the "don't walk," "wait," or "upraised hand" signal is showing.

Transp. Article, Section 21–203(e). It is undisputed that Sue Ann had just reached and was still standing on the median when the flashing red hand first appeared.

In most cases, while the violation of a statute is evidence of negligence, it is not considered negligence per se. Under Maryland law, however, a pedestrian's violation of Section 21–203 constitutes negligence as a matter of law. In *Parker, supra,* the Federal District Court for the District of Maryland granted summary judgment when it was undisputed that an eight year old child had entered the pedestrian crosswalk at the intersection of West Franklin Street and Pulaski Street in Baltimore City against a flashing "Don't Walk" signal. As the Federal District Court put it, a violation of Section 21–203 of the Transportation Article constitutes contributory negligent as a matter of law. *Parker,* 900 F.Supp. at 794–95.

In *Parker,* the Federal District Court further noted that there was no distinction in Section 21–201 between "flash-

ing" and "steady" signals. On appeal, as she did below, Sue Ann urges us to read such a distinction into Section 21–203. As observed by the Federal District Court in *Parker*, "[t]he statute makes no distinction between flashing "don't walk" signals and signals which are constantly lit," *Parker*, 900 F.Supp. at 793, as recognized by Sue Ann when she conceded that "[t]here is no distinction between a steadily illuminated "Don't Walk" signal and a flashing "Don't Walk" signal in Section 21–203." In *Parker*, the Federal District Court found it to be contributory negligence as a matter of law for an eight year old child to attempt to cross a highway after the "Don't Walk" signal had begun to flash. Similarly, Sue Ann was contributorily negligent as a matter of law upon stepping off of the median and beginning her journey across the westbound lanes of the Rockville Pike, after the flashing red hand first appeared. Sue Ann's proffered distinction between "flashing" and "steady" signals is of no avail to her under Section 21–203.

It is undisputed that Sue Ann was still standing on the median when the flashing red hand first appeared. Hence, there was nothing to be decided by the jury, as Sue Ann's actions constituted contributory negligence as a matter of law. The fact that the red hand was "flashing," rather than "steady," or that Sue Ann's past experience satisfied her that she might still have time to cross the westbound lanes, is completely irrelevant. As Section 21–203 makes clear, the duty imposed on Sue Ann was absolute, and clearly violated by her. Consequently, she was contributorily negligent as a matter of law.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**