Michael SKEVOFILAX, a Minor, by his Parents, John B. and Helen SKEVO-FILAX, and John B. Skevofilax and Helen Skevofilax, individually, Plaintiffs

v.

AVENTIS PASTEUR, INC., et al., Defendants

No. CIV. AMD 03–2024.

United States District Court, D. Maryland.

Sept. 2, 2003.

Paul W. Spence, Spence, Kohler and Christie PA, Towson, MD, George G. Tankard, Waters and Kraus LLP, Dallas, TX, for Plaintiffs.

Carolyn Israel Stein, D. Ana E. Johnson, Keith M. Bonner, Bonner, Kiernan, Trebach and Crociata, Raymond G. Mullady, Jr., Kenneth Yeatts Turnbull, Orrick, Herrington and Sutcliffe LLP, Washington, DC, Dino S. Sangiamo, Paul Farrell Strain, Stephen Edward Marshall, Venable, Baetjer and Howard LLP, Baltimore, MD, Matthew David Morton, Shook, Hardy and Bacon LLC, Washington, DC, Deborah E. Jennings, Damon L. Krieger, Piper, Rudnick LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

DAVIS, District Judge.

This case was removed from the Circuit Court for Baltimore City by defendants Aventis Pasteur, Inc., Wyeth, and Merck & Company, Inc., on the basis of diversity of citizenship. It is another in a series of cases in which parents have sued vaccine manufacturers and power plant operators for alleged injuries to their minor children allegedly arising out of the exposure of the children to mercury, a heavy metal which is contained in certain childhood vaccines and is contained in the emissions of many power plants. Now pending is plaintiffs' motion to remand. No hearing is needed.

In 2002, certain defendants removed to this court 50 similar cases. Plaintiffs moved to remand those cases. For the reasons stated in my opinion in *Oxendine v. Merck & Co., Inc.*, 236 F.Supp.2d 517 (D.Md.2002), I granted the motions to remand and remanded those cases to state court on the basis of lack of subject matter jurisdiction. Specifically, I concluded, *inter alia*, that plaintiffs' joinder of in-state defendants (local utility firms operating

power plants in Maryland) did not justify the application of the "fraudulent joinder" doctrine under Fourth Circuit jurisprudence.[1] Accordingly, in remanding the cases, I did not resolve motions to dismiss filed by the defendants in those cases.

The instant case was filed in the Circuit Court for Baltimore City in April 2003, subsequent to my remand of the earlier cases. In the meantime, a judge of the Circuit Court for Baltimore City, the Honorable Stuart R. Berger, to whom the remanded cases (as well as several subsequently-filed actions) were specially assigned, ruled on certain motions to dismiss filed by defendants in those cases. Specifically, in an opinion and order filed on June 19, 2003, Judge Berger concluded that plaintiffs in one or more of the cases before him (not in the case at bar) had failed to state claims for negligence and/or nuisance under Maryland law against the in-state power plant defendants. Thus, according to the removing defendants here, Judge Berger's opinion demonstrates that the in-state power plant defendants whose presence here otherwise defeats removal (on the basis of lack of complete diversity) have been fraudulently joined. I disagree and therefore decline to retreat from my earlier conclusion that the absence of complete diversity as a result of the joinder of in-state power plant operators is not vitiated by the fraudulent joinder doctrine.

Understandably, the parties here have devoted considerable attention in their motion papers to the issue of the soundness *vel non* of Judge Berger's reasoning, but I need not and do not wade into that dispute.[2] As defendants candidly concede, Judge Berger is, like myself, a *nisi prius* judge whose role is not to make final pronouncements on the contours of state law. That is a job committed by the Constitution of Maryland to the Court of Appeals, and, with few exceptions, it is to that court I must turn in divining Maryland law. *See Assicurazioni Generali, S.p.A. v. Neil,* 160 F.3d 997, 1002 (4th Cir.1998) ("It is axiomatic that in determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications.") (quotations and citations omitted). In short, it is not for me to determine whether Judge Berger's reasoning will find favor with Maryland's appellate courts, including

1. I reasoned as follows, in part:

   [D]efendants contend that plaintiffs have no colorable claim against the Maryland defendants and, consequently, the fraudulent joinder doctrine bars consideration of the Maryland defendants for purposes of subject matter jurisdiction. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1999). To show fraudulent joinder, the removing defendant must demonstrate either outright fraud in the plaintiffs' pleadings of jurisdictional facts or that there is *no possibility* that the plaintiffs would be able to establish causes of action against the in-state defendants in state court. *Id.* at 464 (citing *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993)). There is no allegation that the plaintiffs have fraudulently identified the residency of the Maryland resident defendants. Accordingly, the question presented is whether plaintiffs can es-

   tablish a cause of action against the Maryland defendants. The Fourth Circuit has emphasized that the party alleging fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir.1999). This standard is even more favorable to the plaintiffs "than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* Further, courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425.
   236 F.Supp.2d at 525.

2. Indeed, as might be expected, the Maryland power plant operators have timely filed a motion to dismiss and that motion is currently pending.

the Court of Appeals, that have jurisdiction to review his ruling.

Defendants further concede, as they must, that *"some cases are not removable despite complete diversity between the parties." Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir. 1988) (emphasis added); *see also Pulse One Communications, Inc. v. Bell Atlantic Mobile Systems,* 760 F.Supp. 82 (D.Md. 1991). This is true, for example, when complete diversity exists other than by a voluntary act of the state court plaintiff, such as when, as a result of an interlocutory order by a state trial judge, the non-diverse defendant is dismissed from the action. In such circumstances, the Fourth Circuit has cautioned against fomenting the mischief that would result if, with the case removed and proceeding in federal court, there is a reversal upon an appeal by the state court plaintiff to a state appellate court and the claims against the non-diverse defendant are reinstated. *Higgins,* 863 F.2d at 1166. It is true that the *Higgins* rule applies only by analogy here (as there has been no actual dismissal of a non-diverse defendant by a state court prior to removal, *see supra* n. 2), but the institutional and jurisdictional concerns are the same, nonetheless. Obviously, if I blindly follow Judge Berger and dismiss the non-diverse defendant from this action, and Judge Berger's ruling in the cases before him is overturned, then my ruling, resting on his ruling, would likewise have its foundation undermined. *Cf. Mayes v.*

*Rapoport,* 198 F.3d 457, 463 (4th Cir.1999) ("There are, however, other interests at stake ... including the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources."). And in any event, even assuming my adoption of Judge Berger's reasoning is more discerning and not merely "blind," were I to grant the instate power plant operators' motion to dismiss under Fed.R.Civ.P. 12(b)(6), I would thereby be in breach of my responsibility to decide close calls as to the existence of a claim in favor of plaintiff. *Cf. id.* at 466. It must be recalled that the fraudulent joinder standard is even more favorable to the plaintiffs "than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir.1999).[3] Defendants are arguing, in effect, "when you come to a fork in the road, take it."[4] I shall not embrace the defendants' approach; this is a road I must avoid altogether.

Consequently, I have no hesitation in concluding that, notwithstanding Judge Berger's careful opinion, "[defendants] have not carried the[ir] heavy burden," *Mayes,* 198 F.3d at 466, to establish fraudulent joinder. Moreover, I am mindful that the Fourth Circuit firmly adheres to its view that courts in this circuit "are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises 'significant

---

**3.** Frankly, given the inherently elastic and indeed, virtually organic, character of common law negligence claims, and given the robust policy content of such claims, it would be surprising, in the absence of a decision directly on point by the highest court of a state, to see so many negligence claims disregarded under the fraudulent joinder doctrine. *Cf. Absolon v. Dollahite,* 376 Md. 547, 831 A.2d 6 (Md.2003), *rev'g,* 142 Md.App. 706, 791 A.2d 986 (2002) (Court of Appeals of Maryland reversed a decision of Maryland's inter-

mediate appellate court holding that a pedestrian who disobeyed a traffic signal and stepped into the path of the motor vehicle was contributorily negligent as a matter of law; jury question presented)(rejecting reasoning of, *inter alia, Parker v. Davis,* 900 F.Supp. 788 (D.Md.1995)).

**4.** *See* Berra and Kaplan, WHEN YOU COME TO A FORK IN THE ROAD, TAKE IT! INSPIRATION AND WISDOM FROM ONE OF BASEBALL'S GREATEST HEROES (Hyperion May 2001).

federalism concerns.'" *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir.2003) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)). I do so here. Accordingly, the motion to remand shall be granted. An order follows.

## ORDER

In accordance with the foregoing Memorandum Opinion, it is this 2nd day of September, 2003, by the United States District Court for the District of Maryland, ORDERED

(1) That the motion to remand filed by plaintiffs is GRANTED ON THE GROUND OF LACK OF SUBJECT MATTER JURISDICTION AND THIS CASE IS REMANDED FORTHWITH TO THE CIRCUIT COURT FOR BALTIMORE CITY; and it is further ORDERED

(2) That the Clerk CLOSE THIS CASE.