Andrew WAX, et al., Plaintiffs,

v.

AVENTIS PASTEUR INC., f/k/a/ Connaught Laboratories, et al., Defendants.

No. CV 02–2018(JBW).

United States District Court, E.D. New York.

Oct. 30, 2002.

Modification Memorandum Dec. 16, 2002.

Parker & Waichman, by Adena Edwards, Jerrold S. Parker, Great Neck, NY, Douglas & London, by Michael London, New York, NY, for Plaintiffs.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, by Patrick J. Brennan, Orrick, Herrington & Sutcliffe, LLP, by Daniel James Thomasch, Lauren Jill Elliot, Hughes, Hubbard & Reed, LLP, by Deirdre Joan Sheridan, Theodore V.H. Mayer, Schoeman, Updike & Kaufman, LLP, by Beth Lori Kaufman, Patterson, Belknap, Webb & Tyler, LLPO, by Robert D. Wilson, Jr., Harris Beach, LLP, by Frederick Fern, Judi Abbott Curry, Konrad F. Payne, Landman, Corsi, Ballanine & Ford, P.C., by Daniel S. Moretti, McCarter & English, LLP, by Samuel J. Abate, Jr., Strongin, Rothman & Abrams, LLP, by David Abrams, New York, NY, Venable, Baetjer & Howard, LLP, by Dino S. Sangiamo, Paul F. Strain, Baltimore, MD, Shook, Hardy & Bacon, LLP, by James H. Davis, Mark A. Dover, Kansas City, MO, for Defendants.

## AMENDED MEMORANDUM ORDER

WEINSTEIN, Senior District Judge.

The central question is whether thimerosal is "a part of" a children's "vaccine" for purposes of the National Vaccine Injury Compensation Program (Program). *See* 42 U.S.C. § 300aa—10 et seq. (2000). Plaintiffs allegedly suffer from autism caused by thimerosal. Defendants have moved to dismiss.

The relevant statute, 42 U.S.C. § 300aa—33(5), reads:

> the term "vaccine related injury or death" means an illness, injury, condition, or death associated with one or more of the vaccines set forth in the Vaccine Injury Table, except that the term does not include an illness, injury, condition or death associated with an adulterant or contaminant intentionally added to such a vaccine.

21 C.F.R. § 610.15 provides:

*Constituent Materials:*

(a) Any preservative used shall be sufficiently nontoxic so that the amount present in the recommended dose of the product will not be toxic to the recipient, and in the combination used it shall not denature the specific substances in the product to result in a decrease below the minimum acceptable potency within the

dating period when stored at the recommended temperature. . . .

Depending upon the characterization of thimerosal, the Office of Special Masters (OSM) administering the Program arguably has original jurisdiction to pass upon plaintiffs' claims. If thimerosal were characterized as "constituent material" to a vaccine, the OSM would have jurisdiction. 21 C.F.R. § 610.15; 42 U.S.C. § 300aa—11(a)(2)(A). If thimerosal were characterized as an "adulterant or contaminant," this court might have jurisdiction. 42 U.S.C. § 300aa—33(5).

By Autism General Order # 1, the OSM has taken steps to adjudicate related autism claims allegedly caused by a vaccine containing, or consisting in part of, thimerosal. The Secretary of Health and Human Services (HHS) has, in effect, opined that thimerosal is not an adulterant or contaminant. *See "Statement of Interest" in King v. Aventis Pasteur, Inc.*, CV–01–1305–AS (D. Ore. June 7, 2002) ("[T]he Secretary has determined that the preservative thimerosal is not an adulterant or contaminant within the meaning of the Vaccine Act."). *See also*, United States Department of Health and Human Services, Health Resources and Services Administration, "Commonly Asked Questions About the National Vaccine Injury Compensation Program," available at http://www.hrsa.gov/osp/vicp/qanda.htm# 17 (August 2002) ("Because thimerosal is not an adulterant to or contaminant of vaccines, individuals who have claims relating to thimerosal in vaccines ... must first file the claim with the [Vaccine Court] before pursuing any other civil litigation."). The OSM apparently supports this position, at least preliminarily, through Autism General Order # 1, asserting jurisdiction under the Program over claims concerning thimerosal-containing vaccines and establishing a schedule for determining whether such vaccines cause autism and related conditions. *In re: Claims For Vaccine Injuries Resulting in Autism Spectrum Disorder of a Similar Neurodevelopmental Disorder* (Ct.Fed.Cl. July 3, 2002) ("Autism General Order No. 1").

The Program was designed by Congress to permit production of children's vaccines without court proceedings and threats of tort judgments that threatened to deter production of vaccines essential to the health of the nation's children. *See e.g.,* Individual Justice in Mass Tort Litigation, The Effect of Class Actions, Consolidations, and Other Multiparty Devices 123 (1995); *A Major Revival in Research on Vaccines,* N.Y. Times, Aug. 22, 1990, at D7; *Compensation Cutoff,* Newsday, Sept. 10, 1990, at 2; John W. Dornberger, *Thimerosal–Containing Vaccine Litigation,* For the Defense, 12 (Oct. 2002).

There are two issues presented by this motion: (1) the degree of deference this court should give to the position of HHS and OSM, tentatively, that thimerosal as found in vaccines is not an adulterant or contaminant within the meaning of the statute; and (2) whether this court is authorized to hold evidentiary hearings to make an independent determination of the statutory meaning of "adulterant" and "contaminant."

■ When neither the statute nor regulations provide an unambiguous authoritative definition or interpretation of words like adulterant and contaminant, a court applies a *Christensen* level of deference to the agency's interpretation. *Christensen v. Harris County,* 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). In *Christensen,* the Supreme Court held that an agency's construction of its own, ambiguous regulation is entitled to deference. *Id.* at 588, 120 S.Ct. 1655. *See also Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). "The level of

deference afforded [the agency's judgment] 'will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.' " *Edelman v. Lynchburg College,* 535 U.S. 106, 122 S.Ct. 1145, 1154–55, 152 L.Ed.2d 188 (2002), *quoting Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *cf. EEOC v. Arabian American Oil Co.,* 499 U.S. 244, 256–258, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) (interpretive guidelines do not receive more deferent <u>Chevron</u> analysis).

■ In *Christensen,* the court noted that non-regulatory pronouncements from administrative agencies arrived at without formal adjudicative or notice and comment periods do not warrant a stringent level of deference. 529 U.S. at 587, 120 S.Ct. 1655. *See also, e.g., Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (internal agency guidelines, which are not "subject to the rigors of the Administrative Procedure Act, including public notice and comment," are entitled only to "some deference" (internal quotation marks omitted)).

If the views of the Administrator of the Program or the Secretary of HHS constitute statements of general policy, interpretive rules, or a course of precedent developed though informal means—i.e., non-regulatory pronouncements—then a court may give the views some weight, but it is not bound by the agency's interpretation. *Christensen,* 529 U.S. at 587, 120 S.Ct. 1655. Opinion letters issued by departments responsible for administering Congressional Acts are "entitled to respect" under the Supreme Court's decision in *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161, but only to the extent that those interpretations have the "power to persuade." *Christensen,* 529 U.S. at 587, 120 S.Ct. 1655; *see also Arabian American Oil Co.,*

499 U.S. at 256–58, 111 S.Ct. 1227; *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161 (factors in the level of deference depend on the circumstances as well the degree of agency's care, consistency, formality, relative expertness, and persuasiveness of the agency's position).

While not bound by HHS's interpretation, and possibly that of OSM, the well-reasoned views of the Administrator of the Program "constitute a body of experience and informed judgment to which the courts and litigants may properly resort for guidance ... and ... considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *United States v. Mead,* 533 U.S. 218, 227–28, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (quotation marks omitted). This is particularly true since the decision of OSM will be based on adjudicated decisions with opposing interested parties submitting evidence and arguments.

In ruling on the persuasiveness of HHS's and OSM's interpretation, a court must keep in mind the circumstances under which the interpretation was made and the overall purpose of the Act. It must also examine the facts and circumstances surrounding the interpretation by the Administrator of the Program in determining what weight and level of deference to accord the relevant statutory interpretation. *See Skidmore,* 323 U.S. at 140, 65 S.Ct. 161.

■ Even though unbound, the court defers, for the purposes of this motion, to HHS's interpretation that injuries caused by thimerosal in vaccines are "vaccine-related" for purposes of the Program. HHS, through "statements of interest" and publications, has expressed the consistent position that injuries caused by thimerosal in vaccines are, "vaccine-related" for purposes of the Program.

In view of the overall purpose of the Program, the court is persuaded that it is appropriate for the present to defer to OSM's experience and expertise on the scientific issues now posed even though resolution of the meaning of the operative terms at issue may determine statutory meanings and jurisdiction of this court.

Defendants argue that, based on the provisions of the Vaccine Act and the stipulations of counsel, plaintiffs' position with respect to the statute of limitations will not be worsened by dismissal of their vaccine-related claims in the instant case. The Vaccine Act provides that if the present civil action is dismissed and a petition is filed with the Vaccine Court within one year of the date of dismissal, the date that this case was filed in this court will be deemed the date that the Vaccine Court petition was filed. *See* 42 U.S.C. § 300aa—11(a)(1)(B). While the Vaccine Court petition is pending in the Vaccine Court, limitations on actions under state law "shall be stayed ...." *See* 42 U.S.C. § 300aa–16(c). Consequently, defendant's urge, plaintiffs' position after the dismissal of this action will be the same as if they had properly followed the mandatory provisions of the Vaccine Act.

Nevertheless, in the exercise of discretion, the court will not dismiss the case, but will stay it pending application by plaintiffs for relief pursuant to the Program and a decision by the OSM. The court will await the Vaccine Court's decision and will defer temporarily to HHS's interpretation in order to permit the Vaccine Court to make a decision after holding hearings.

Dismissal might be inappropriate in view of statute of limitation implications that might be adverse to plaintiffs. The case is important enough to plaintiffs to warrant this careful course of action.

The court will put off deciding on whether scientific hearings can be held by this court to determine the meaning of the statute until after the Vaccine Court has had an opportunity to hold hearings. Cases cited by defendants which suggest that experts may not be relied upon by a federal district judge in interpreting statutory language in the main refer to jury determinations. *See Thimerosal Defendant's Supplemental Brief in Support of Dismissal of Plaintiff's Claims,* 5–9 (Oct. 17, 2002). The court's power to take judicial notice of the meaning of words and to inform itself by hearings is not limited by jury inhibitions. *Cf.* Fed. R. of Civ. P. 44.1 ("The court, in determining foreign law, may consider any relevant material or source, including testimony ...."); *Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.,* 508 F.Supp. 1322, 1328 (E.D.N.Y. 1981) (judicial notice powers respecting "the meaning of law" are extremely broad with fact finding on "interstitial detail"; parties may be required to submit information); Margaret A. Berger et al, Federal Evidence § 201.51 (2d ed.2000); Robert A. Barker & Vincent C. Alexander, Evidence in New York State and Federal Courts, § 202.1, p. 48 (1996); 9 John Henry Wigmore, Evidence in Trials at Common Law, § 2568a, p. 720 (James H. Chadbourn, rev. ed.1981) (the judge "is entitled to aid himself in reaching a decision, by consulting *any sources* of information") (emphasis in original).

The case is stayed to permit plaintiffs to proceed administratively under the Program. Any party may move for a lifting of the stay or other relief upon a change of circumstances. The case shall be marked closed for statistical administrative purposes only.

SO ORDERED.

## MODIFICATION MEMORANDUM

The parties have jointly moved to clarify the order of October 30, 2002. It stayed

the case pending application by plaintiffs for relief pursuant to the National Vaccine Injury Compensation Program and a decision by the Office of Special Masters ("OSM").

The court clarifies its order by dismissing the case without prejudice. The OSM can and should decide whether it has jurisdiction. *Cf. Leroy v. Sec'y of Dep't of Health & Human Servs.*, No. 02-392V, 2002 WL 31730680, 2002 U.S. Claims LEXIS 284 (Fed. Cl. Oct. 11, 2002).

Effective November 25, 2002, the Homeland Security Act of 2002 amends section 2133 of the Public Service Health Act, 42 U.S.C. § 300aa-33. The amendment includes a "Clarification of Definition of Vaccine." The term now "includes all components and ingredients listed in the vaccine's product license application and product label," Pub. L. 107–296, 116 Stat. 2135, § 1716 (2002)—which presumably covers the thimerosal component plaintiffs contend was not previously included. The amendment applies "to all actions or proceedings pending on or after the date of enactment of this Act, unless a court of competent jurisdiction has entered judgment (regardless of whether the time for appeal has expired) in such action or proceeding disposing of the entire action or proceeding." § 1717.

The court need not consider whether the amendment applies to the pending proceeding. Its decision of October 30, 2002, as modified, is based on the law prior to the effective date of the amendment, November 25, 2002.

The case is dismissed without costs or disbursements. For good cause, judgment will be deemed entered as of October 30, 2002 for purposes of application of the Homeland Security Act, and as of December 16, 2002 for purposes of appeal. But a thirty-day extension of time to file a notice of appeal is granted. *See* Fed. R. App. Pro. 4(a)(5)(A)(ii). *But see* Fed. R. App. Pro. 4(a)(1)(A).

SO ORDERED.