Angela OXENDINE, Plaintiff

v.

MERCK AND COMPANY, INC., et al., Defendants

Michael Renngli, Plaintiff

v.

Merck And Company, Inc., et al., Defendants

David Hoggan, Plaintiff

v.

Merck And Company, Inc., Defendants

James Whitfield, Plaintiff

v.

Merck And Company, Inc., Defendants

Eduardo and Maria Camacho, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Angela Douglas, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Charmia Swann, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

William and Monica Hass, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Pamela and Todd Johnson, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Nancy Spencer, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Olusegun and Adeyinka Ogunniyi, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

William and Katherine
Laisure, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Arthur and Jessica Booth, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Sherman and Jacqueline
Spruell, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Sabrina Murphy, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Luis and Roxana Tirigall, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Eileen Hall, Plaintiff

v.

Merck And Co., Inc., et al., Defendants

Christopher and Jackie
Means, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

John and Deborah Clutts, Plaintiffs

v.

Merck And Co., Inc., et al., Defendants

Ambrose Agbebaku, et al., Plaintiffs

v.

Merck And Co., Inc., et al., Defendants

Darryl and Sydney Piesto, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Dana Jones, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Angelita Allen, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Katrina Brown, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Karl and Lori Shoffler, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Robert and Randi Bell, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Farah Yousselfi, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Melissa Jane Loveless, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Cathy McGowan, Plaintiff

v.

Merck And Co., Inc., et al., Defendants

Jean Dennis, et al., Plaintiffs

v.

Merck And Co., Inc., et al., Defendants

Amy Derosiers, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Daniel and Jennifer Vittoria, Plaintiffs

v.

Merck And Co., Inc., et al., Defendants

Mike and Sharon Skoczynski,
Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Lori Good, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Jon and Melinda Hughes, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Melissa Drew, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

John and Frances Kusik, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Philo and Ike Moghalu, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Danyelle Davis, Plaintiff

v.

Merck And Co., Inc., et al., Defendants

Antonio and Lucretia Cunningham, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Rose Gouker, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Thomasyn Anderson, Plaintiff

v.

Sigma–Aldrich, Inc., et al., Defendants

Tammy Williams, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

James and Monica Nwokeabia, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Tuan Davis, et al., Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

William Cassano, et al., Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Mark and Hildy Gordon, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Earl and Rhoda Walton, Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

Eric Baublitz, et al., Plaintiffs

v.

Sigma–Aldrich, Inc., et al., Defendants

No. CIV.AMD 02–2906, CIV.AMD 02–2908 to CIV.AMD 02–2910, CIV.AMD 02–3248 to CIV.AMD 02–3253, CIV. AMD 02–3258 to CIV.AMD 02–3272, CIV.AMD 02–3279 to CIV.AMD 02–3288, CIV.AMD 02–3290, CIV.AMD 02–3292, CIV.AMD 02–3293, CIV.AMD 02–3295 to CIV.AMD 02–3298, CIV.AMD 02–3817 to CIV.AMD 02–3822, CIV. AMD 02–3261.

United States District Court,
D. Maryland.

Dec. 18, 2002.

Thomas F Yost, Jr, Thomas F Yost Jr PA, Baltimore, MD, for Angela Oxendine.

Paul F Strain, Stephen Edward Marshall, Dino S. Sangiamo, Venable Baetjer and Howard LLP, Baltimore, MD, for Merck and Co. Inc.

D Ana E Johnson, Keith M. Bonner, Carolyn Israel Stein, Bonner Kiernan Tre-

bach and Crociata, Washington, DC, for Aventis Pasteur, Inc., Antex Biologics, Inc.

Eric Cameron Martini, Jonathan Todd Blank, McGuireWoods LLP, Baltimore, MD, Deborah M Russell, McGurieWoods LLP, Richmond, VA, for GlaxoSmithKline.

Paul J Maloney, Carr Maloney PC, Washington, DC, for Sigma-Aldrich Corp.

Ronald D Byrd, Constellation Energy Group, Baltimore, MD, for Constellation Energy Group, Inc.

Laurie R Bortz, Mark T. Hackman, Baltimore Gas and Electric Co., Baltimore, MD, for Baltimore Gas & Electric, Inc.

Paul S Schleifman, Shook Hardy and Bacon LLP, Washington, DC, for Eli Lilly and Co.

## MEMORANDUM

DAVIS, District Judge.

## I. INTRODUCTION

As the gravamen of their principal claims in these cases, plaintiffs allege that their minor children suffered an increased risk of developmental harms and specifically, autism, which were proximately caused by the administration of various childhood vaccines containing the preservative thimerosal, the composition of which contains mercury. It has recently been reported that in the last two years more than 4000 such lawsuits have been filed in state and federal courts. *See* Paul Hamper, *Plaintiff Parents Rip Shield for Vaccine Makers; Suits Claiming Autism Link Face Threat from Provision in Homeland Security Law,* St. Louis Post-Dispatch, Dec. 10, 2002, at 1A. The 49 cases covered by this memorandum and order comprise a small part of those thousands of cases.

The multifaceted legal and procedural issues surrounding the so-called thimerosal litigation have been examined at length in several thoughtful and well-reasoned,

though admittedly not wholly consistent, opinions issued by numerous federal district courts and the Court of Federal Claims and need not be repeated here. *See Case v. Merck & Co.,* No: 02–1779, 2002 WL 31478219 (E.D.La. Nov.5, 2002); *Wax v. Aventis Pasteur Inc.,* No. 2–2018, —— F.Supp.2d ——, 2002 WL 31444878 (E.D.N.Y. Oct. 30, 2002); *Bertrand v. Aventis Pasteur Laboratories, Inc.,* 226 F.Supp.2d 1206 (D.Ariz.2002); *Liu v. Aventis Pasteur, Inc.,* 219 F.Supp.2d 762 (W.D.Tex.2002); *Cheskiewicz by Cheskiewicz v. Aventis Pasteur, Inc.,* No. 02–3583, 2002 WL 1880524 (E.D.Pa. Aug.15, 2002); *King v. Aventis Pasteur, Inc.,* 210 F.Supp.2d 1201 (D.Or.2002); *Owens v. American Home Products Corp.,* 203 F.Supp.2d 748 (S.D.Tex.2002); *O'Connell v. American Home Products Corp.,* No. G–02–184, 2002 WL 31455729 (S.D.Tex. May 7, 2002); *Leroy v. Secretary of Dept. of Health and Human Services,* No. 02–392V, 2002 WL 31730680 (Fed.Cl. Oct 11, 2002); *Lemire v. Secretary of Dept. of Health and Human Services,* 2002 WL 31441209 (Fed.Cl. Sep. 25, 2002); *Vessels v. Secretary of Dept. of Health and Human Services,* No. 02–182V, 2002 WL 31441210 (Sep. 25, 2002); *In re Claims for Vaccine Injuries Resulting in Autism Spectrum Disorder or a Similar Neurodevelopmental Disorder,* 2002 WL 31696785 (Fed.Cl. Jul 3, 2002).

The Maryland round of thimerosal litigation arrived in the summer and fall of this year when the same law firm filed 50 cases in the Circuit Court for Baltimore City. All of these cases were timely removed to this court on the basis of diversity of citizenship. Subsequently, plaintiffs timely moved to remand each of the cases. For the reasons set forth herein, I shall grant the motions for remand.

## II. THE FOUR GROUPS OF CASES

The 49 cases covered by this opinion may be usefully considered as falling into

four separate groupings, although the boundaries between the groups are not as neat as one would hope. In this section, I shall summarize the undisputed facts underlying the issues presented by the motions for remand in all of the cases, and then discuss the procedural history of each of the separate groupings.

In every case, plaintiffs generally allege that their children suffered injuries resulting from repeated exposure to thimerosal, a mercury containing preservative added to some vaccines and other pharmaceutical products. Plaintiffs further allege that their children's injuries were exacerbated by their exposure to toxic mercury emitted by coal-burning power plants owned and operated by Baltimore Gas & Electric Co. ("BGE") and Constellation Energy Group ("CEG"), each of which is a citizen of Maryland for purposes of diversity jurisdiction. Plaintiffs seek substantial relief, including damages, on numerous statutory and common law theories. No federal claim is asserted in any case. With only one or two variations, the identity of the approximately 14 defendants in each case is the same.

### A. Group One (five cases)

Complete diversity exists in the Group One cases, where all the plaintiffs in this group are citizens of Virginia and none of the defendants is a citizen of Virginia. Defendant Aventis Pasteur, Inc., which for diversity purposes is not a citizen of either Maryland or Virginia, removed the first four cases listed in the caption to this opinion, on September 3, 2002.[1] Plaintiffs filed these four cases on or about July 31, 2002 in the Circuit Court for Baltimore City. Apparently, Aventis learned of the filing of the thimerosal suits well before it (or any other defendant) had been served with process.[2] In addition, the Group One cases include *Good*, No. AMD 02–3287. Unlike the first four cases, defendant Smithkline Beecham Corporation removed the *Good* case on October 4, 2002, *after* defendants had been served with process.

All the defendants have consented to removal. Although complete diversity exists in these cases, because plaintiffs originally joined two Maryland corporations as defendants, and later joined two more Maryland corporations after defendants' scramble to remove before plaintiffs served many defendants with process, the removal statute may, and I conclude does, bar removal.

Plaintiffs timely filed motions to remand on September 27, 2002, in the first four cases, and on October 15, 2002, in the *Good* case. Defendants argue that removal was appropriate in all five cases because the Maryland defendants are fraudulently joined in an effort to defeat diversity jurisdiction. Defendants also argue that the first four cases in Group One were properly removed because plaintiffs had not served the resident defendants at the time of their removal.

### B. Group Two (36 cases)

Group Two consists of 36 cases and complete diversity is lacking in each. All

1. An additional case, a duplicate filing, has previously been dismissed by consent.

2. Indeed, plaintiffs never intended to serve the original complaints in those actions. This is borne out by the fact that, shortly after the removal but before plaintiffs' counsel learned of the removal, plaintiffs' counsel had drafted and had attempted to file in state court an amended complaint. Among other things, the amended complaint dropped what appear to have been class action allegations that had been included in the original complaints, and also joined additional defendants. The state court returned the amended complaint to plaintiffs' counsel, correctly noting that the notice of removal had deprived it of jurisdiction.

of the plaintiffs in these cases are citizens of Maryland, and the presence of four Maryland defendants, including BGE and CEG, defeats diversity. After plaintiffs' served these, and several other, defendants, Wyeth Pharmaceuticals, Inc., on October, 4, 2002, removed some of the cases in this group; defendant Merck and Co., Inc., removed some of the cases; defendant Baxter Pharmaceuticals, Inc., removed some of the cases; and Aventis Pasteur, Inc., removed some of the cases. Apparently, all defendants timely consented to the respective removals. Plaintiffs moved to remand these cases on October 15, 2002. In opposing plaintiffs' timely motions to remand, defendants argue that the removals were appropriate based on the "fraudulent joinder" doctrine and that, accordingly, the Maryland defendants should be disregarded in determining the existence of subject matter jurisdiction.

### C. Group Three (one case)

Group Three consists of one case, *Bell*, No. AMD 02–3279, in which plaintiffs Robert and Randi Bell are citizens of Pennsylvania. Aside from plaintiffs' citizenship, this case presents the same procedural history as the cases in Group Two. Defendant Eli Lilly and Company removed the *Bell* case on October 4, 2002, and plaintiffs moved to remand the same on October 15, 2002. In *Bell*, defendants freely acknowledge the lack of complete diversity because defendants Aventis Pasteur, Inc., and defendant Smithkline Beecham Corporation are citizens of Pennsylvania, and

there is no suggestion that those defendants are fraudulently joined in any of these cases.[3]

### D. Group Four (seven cases)

Finally, seven cases, all lacking complete diversity, are in Group Four. All of the plaintiffs in these cases are citizens of Maryland, as are four of the defendants, including BGE and CEG. Defendant Aventis Pasteur, Inc., removed these cases on the theory of "fraudulent joinder" on November 22, 2002. On December 16, 2002, plaintiffs timely filed motions to remand these cases to state court. Although the time for defendants to respond to these recent motions has not accrued, plaintiffs' motions simply incorporate by reference the grounds stated in the earlier motions, and there is no reason to believe that the exhaustive consideration given by the defendants to the earlier oppositions to plaintiffs' motions to remand will yield any arguments not already presented.

## III. ANALYSIS

At the first arrival of these cases to this court in an avalanche of paper, and upon initial preliminary review, it appeared that the issues where extraordinarily complex. A closer examination of the allegations in the lawsuits and the applicable law, including cases decided since the earlier removals, reveals that the issues are not complex at all and that the preliminary review proved to be quite mistaken. Defendants in these case have demonstrated a desper-

---

**3.** In the absence of a "fraudulent joinder" argument in *Bell*, and in several other cases as well in motions to dismiss, defendants contend that because the Vaccine Act creates a condition precedent to certain court claims for vaccine-related injuries, 42 U.S.C. § 300aa–11, this (or any) court other than the Court of Federal Claims may not exercise jurisdiction. In any event, for the reasons set forth in *Bertrand v. Aventis Pasteur Laborato-* *ries, Inc.*, 226 F.Supp.2d 1206 (D.Ariz.2002), and because the Vaccine Act does not completely preempt state law in this area, I am not persuaded that state court jurisdiction is foreclosed. Although plaintiffs' failure to file a petition in the Court of Federal Claims may ultimately result in the dismissal of, or a stay as to, all or portions of their claims, *see* cases cited *supra* p. 521, these issues are immaterial to my jurisdictional analysis.

ation not often seen, understandably perhaps, to avoid the litigation of these cases in state court. They have been unrelenting in their efforts to file and have the court consider their motions to dismiss and/or for stay, notwithstanding my emphatic admonishment that until the issues of subject matter jurisdiction were resolved, I would not consider motions to dismiss based on the Vaccine Act or otherwise. In any event, no hearing is necessary in these cases, *see* Local Rule 105.6 (D.Md.2001), and the propriety of the within remand orders simply could not be more manifest.

A. The Removal Statute

■ The burden of establishing federal jurisdiction through removal is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Even if this court finds that "federal jurisdiction is doubtful, a remand is necessary." *Id.* (citations omitted); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993) ("Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction.").

■ A defendant in a civil action filed in state court may remove the case to federal court only if it could have been brought in federal court originally. *Darcangelo v. Verizon Communs., Inc.*, 292 F.3d 181, 186 (4th Cir.2002); 28 U.S.C. § 1441. Defendants removed these cases solely on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332. Accordingly, I shall determine whether defendants properly removed these cases on the basis of diversity jurisdiction.

B. Application of 28 U.S.C. § 1441(b)

■ In the first four cases in Group One, complete diversity exists, as all plaintiffs are citizens of Virginia, and no defendant is a citizen of Virginia. Nevertheless, in both the original and the amended complaints in those cases, plaintiffs assert claims against Maryland corporations. Under 28 U.S.C. § 1441(b), the presence of "properly joined and served" defendants that are citizens of the forum state defeats the right of removal on the basis of diversity of citizenship. To be sure, there is a line of cases which holds that if the in-state defendants had not been served at the time of removal, an out-of-state defendant may remove where, as here, there is complete diversity. *See Wensil v. E.I. Du Pont De Nemours & Co.*, 792 F.Supp. 447, 448 (D.S.C.1992); *McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir.2001); *In re Bridgestone/Firestone, Inc.*, 184 F.Supp.2d 826, 828 (S.D.Ind.2002). Nevertheless, I am persuaded to adhere to the rule followed by the majority of courts that have rejected this interpretation of § 1441(b).

Section 1441(b) provides that an action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Prior to the enactment of section 1441(b), the Supreme Court in *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), stated that where a non-separable controversy involves a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. *Id.* at 541, 59 S.Ct. 347. In *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir.1981), the court held that the enactment of § 1441(b) did not qualify the requirement of complete diversity; rather, it "further limited jurisdiction based on diversity of citizenship by requiring that no joined and served defendants

be a citizen of the state in which the action was initially brought." *Pecherski*, 636 F.2d at 1160, 1161 n. 6 (noting that because simultaneous service upon multiple defendants is unlikely to occur, removal could be proper one day when service of certain defendants was completed, but improper the next day when all defendants have been served); *see also Katz v. Costa Armatori, S.p.A.*, 718 F.Supp. 1508, 1511 (S.D.Fla.1989); *and see Sharp v. Elkins*, 616 F.Supp. 1561 (W.D.La.1985) (congressional intent behind section 1441(b) is to restrict federal removal jurisdiction, not expand upon it); *South Panola Consol. School Dist. v. O'Bryan*, 434 F.Supp. 750, 754 (N.D.Miss.1977) (same); *Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690, 692 (D.S.C.1987); *cf. Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342, 345 (4th Cir.1983)(diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served). Accordingly, the fact that defendant Aventis Pasteur, Inc., cleverly managed to learn of the filing of the first four cases and quickly obtained copies of the complaints before plaintiffs could serve their amended complaints does not require denial of the motions for remand.

## C. Fraudulent Joinder

More substantively, but no more persuasively, defendants contend that plaintiffs have no colorable claim against the Maryland defendants and, consequently, the fraudulent joinder doctrine bars consideration of the Maryland defendants for purposes of subject matter jurisdiction.

*Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999).

■ To show fraudulent joinder, the removing defendant must demonstrate either outright fraud in the plaintiffs' pleadings of jurisdictional facts or that there is *no possibility* that the plaintiffs would be able to establish causes of action against the instate defendants in state court. *Id.* at 464 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)). There is no allegation that the plaintiffs have fraudulently identified the residency of the Maryland resident defendants. Accordingly, the question presented is whether plaintiffs can establish a cause of action against the Maryland defendants. The Fourth Circuit has emphasized that the party alleging fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir.1999). This standard is even more favorable to the plaintiffs "than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* Further, courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425.[4]

■ Plaintiffs contend that, at a minimum, they have alleged a colorable claim of negligence under Maryland law against Maryland defendants CEG and BGE. To maintain an action in negligence under Maryland law, a plaintiff must allege facts showing and ultimately proving the following elements: " '(1) that the defendant was under a duty to protect the plaintiff from

---

4. In determining whether fraudulent joinder exists, the district court is "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *AIDS Counseling and Testing Ctr's v. Group W*

*Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990). That does not, however, license the court to engage in extensive fact finding or "delve too far into the merits in deciding a jurisdictional question." *Hartley*, 187 F.3d at 425.

injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty.'" *Muthukumarana v. Montgomery County,* 370 Md. 447, 805 A.2d 372, 395 (2002) (quoting *Valentine v. On Target, Inc.,* 353 Md. 544, 727 A.2d 947, 949 (1997)). The duty to refrain from conduct is determined through application of principles of foreseeability, whether a reasonable person knew or should have known that the conduct constituted an unreasonable risk of harm to another. *B.N. v. K.K.,* 312 Md. 135, 538 A.2d 1175, 1178 (1988); *McCance v. Lindau,* 63 Md.App. 504, 492 A.2d 1352, 1358 (1985). Further, there is no requirement that a defendant foresee the specific harm or know the particular method in which an accident would occur. *Moran v. Faberge,* 273 Md. 538, 332 A.2d 11, 19 (1975). Moreover, foreseeability is normally a question of fact for the trier of fact to determine. *Yonce v. SmithKline Beecham Clinical Lab.,* 111 Md.App. 124, 680 A.2d 569, 577 (1996). Accordingly, plaintiffs' allegations that defendants BGE and CEG knew their factories emitted excessive and, consequently, harmful levels of mercury into the environment, which proximately caused (together with other sources) harm to plaintiffs' children is almost certainly sufficient to allege a claim of negligence under Maryland law. Obviously, one cannot predict how the state courts would resolve the legal issues (or how juries would weigh the factual evidence) in such a case. In any event, however, although these claims may not succeed ultimately, their ultimate success is not required to defeat removal. *Marshall,* 6 F.3d at 233. Rather, there need be only a slight possibility of a right to relief. *Id.* Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

Thus, in the Group One cases, although the complaint exhibits complete diversity on its face, defendants cannot properly remove because, under § 1441(b), plaintiffs properly joined two Maryland defendants, BGE and CEG, and removability can not rationally turn on the timing or sequence of service of process. In addition, because plaintiffs properly joined Maryland defendants in all the cases in Groups Two and Four, complete diversity is lacking. Finally, the one case in Group Three similarly lacks complete diversity because parties on both sides of the dispute are citizens of Pennsylvania. Manifestly, removal was improper in all of these cases. Accordingly, I shall remand each of them for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth herein, these cases shall be remanded to the Circuit Court for Baltimore City.